UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRANT YOUNG,<br><br>　　　　　　　　　　　　Petitioner,<br><br>　　-against-<br><br>LAURENCE A. PAGNONI &<br>ASSOCIATES, INC., and MICHAEL LEE<br>TAYLOR, individually,<br><br>　　　　　　　　　　　　Respondents. | Case No. 24-cv-05385 (JLR)<br><br>**MEMORANDUM<br><u>OPINION AND ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

On July 17, 2024, Petitioner Grant Young ("Petitioner") filed a Petition pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm an Arbitration Award and Order entered by impartial arbitrator Martin F. Scheinman, Esq., on February 21, 2024, against Laurence A. Pagnoni & Associates, Inc. ("LAPA") and Michael Lee Taylor (together, "Respondents"). *See* Dkts. 1 ("Pet."), 1-2 ("Award"), 4 ("Maguire Decl."). Petitioner also seeks reasonable attorney's fees and costs for bringing this action.

For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from Petitioner's Petition and the sworn declaration of attorney Jeffrey R. Maguire. *See* Pet.; Maguire Decl.

Petitioner resides in Greenwich, Connecticut. Pet. ¶ 1. Respondent LAPA is a New York corporation with a principal place of business in New York. *Id.* ¶ 2. Respondent Michael Lee Taylor is the Chief Executive Officer of LAPA and also resides in New York. *Id.* ¶ 3.

On January 26, 2023, Petitioner and Respondents entered into a Confidential Settlement Agreement and Release ("Settlement Agreement"), resolving Petitioner's claims against

Respondents. *Id.* ¶ 6; Dkt. 1-1. The Settlement Agreement set forth a pay schedule. Dkt. 1-1 at 2. The Settlement Agreement also provided that, in the event Respondents defaulted on any of their payments and either failed to timely cure their default or defaulted three times, such default would constitute a "material breach" of the Agreement. *Id.* at 2-3. Petitioner would thereafter be entitled to recover from Respondents "125% of the balance of the unpaid Settlement Amount as damages plus attorney's fees and costs in the event that [Petitioner] initiates arbitration and is the prevailing party." *Id.* at 3.

After making five payments according to the pay schedule in the Settlement Agreement, Respondents failed to make their sixth payment. Pet. ¶ 7. Petitioner subsequently provided three notices of default, in accordance with the parties' Settlement Agreement, which went unanswered. *Id.* ¶ 8. Respondents' failure to make the sixth payment therefore resulted in a material breach of the Settlement Agreement. *Id.*

Pursuant to Paragraph 11(h) of the Agreement, the parties agreed "that any dispute arising pursuant to this Agreement or concerning its subject matter shall be submitted for binding arbitration to Martin F. Scheinman, Esq." *Id.* ¶ 9 (quoting Dkt 1-1 at 9). Therefore, on November 13, 2023, Petitioner filed a demand for arbitration with Martin F. Scheinman, Esq. *Id.* ¶ 10. The parties conducted an arbitration before Arbitrator Scheinman on February 14, 2024, with all parties appearing. *Id.* ¶ 11. On February 21, 2024, Arbitrator Scheinman issued an Arbitration Award and Order, requiring Respondents to make the remaining settlement payment of $79,548.00 by June 30, 2024, with the first payment to be made to Petitioner in the amount of $25,500.00 no later than February 14, 2024; the second payment to be made in the amount of $25,500.00 no later than March 31, 2024; and the third payment to be made in the amount of $28,548.00 no later than June 30, 2024. Award at 2. The Arbitration Award and Order provided

that if Respondents failed to make the first payment by February 14, 2024, or the second or third payments within five days of the days provided therefore, Respondents would be subject to default. *Id.* at 3. The Arbitration Award and Order further stated that, in the event of default, Petitioner "shall be entitled to file an action in [a] Court of competent jurisdiction to recover 125% of the balance of any unpaid amount, plus 9% interest" to be calculated from February 21, 2024. *Id.* Moreover, the Arbitration Award and Order provided that, in any action commenced by Petitioner to recover the amount subject to default, Petitioner would be entitled to attorneys' fees and costs as the prevailing party. *Id.*

Petitioners filed the instant Petition to confirm the Arbitration Award and Order on July 17, 2024, pursuant to Section 9 of the FAA. *See generally* Pet. On July 18, 2024, the Court entered an Order stating that the Petition to confirm the Arbitration Award would be treated as a summary judgment motion and set down a briefing schedule, requiring Petitioner to file and serve any additional supporting papers by August 2, 2024, Respondents to file any opposition by August 16, 2024, and Petitioner to file his reply by August 23, 2024. Dkt. 3. On July 31, 2024, Petitioner's counsel, Jeffrey R. Maguire, submitted a declaration in support of the Petition to Confirm the Arbitration Award. Maguire Decl. The declaration appended email correspondence reflecting Mr. Maguire's efforts to obtain the first payment set forth in the Arbitration Award and Order from Respondent Taylor on February 26, 2024. Dkt. 4-1. The declaration also appended a declaration from Petitioner Young confirming that Respondents had failed to make any payments to Petitioner since the issuance of the Arbitration Award and Order. Dkt. 4-2 ("Young Decl.") at ¶¶ 6-7. Finally, the declaration appended a Department of State record confirming that Respondent LAPA is a New York corporation with its principal place of business in New York. Dkt. 4-3.

On August 19, 2024, the Court ordered Petitioner to submit an affirmation with supporting documentation of attorney's fees and costs incurred in this action. Dkt. 7. The same day, Petitioner sought an extension to locate and serve Respondents with the Petition and with the documents filed in support of the Petition. Dkt. 8. On September 19, 2024, Petitioner filed an affirmation as to Petitioner's attorney's fees and costs. Dkt 10 at 2. Petitioner also confirmed that Respondents received service of the Petition and the supporting documentation on September 6, 2024. *Id.*; Dkt. 10-1. On November 6, 2024, Petitioner confirmed service of the affirmation of attorney's fees and the associated documentation of counsel's billing records and costs. Dkt. 14 at 1.

Petitioner's declaration, which appended counsel's billing records, stated that counsel expended approximately 20.9 billing hours from June 12, 2023, through September 16, 2024, in efforts to obtain judgment. Dkt. 10 at 2-3; Dkt. 10-2. Counsel's time billed included "filing a demand for arbitration, participating in the arbitration, communicating with Petitioner and Respondent Taylor regarding payment, filing this action, and filing documents in support of the relief sought" in this action. Dkt. 10 at 2-3. Petitioner stated that, based on counsel's billing rate of $400.00 per hour, counsel respectfully requested $8,360.00 in attorney's fees. *Id.* at 3. As for costs, counsel indicated that he was seeking $551.35 in costs consisting of the filing fee, postage for service, and costs for retaining a private investigator to locate Respondents. *Id.*; Dkt 10-3.

On September 23, 2024, the Court ordered Respondents to file their opposition by October 3, 2024. Dkt. 11. On October 8, 2024, the Court extended the deadline for Respondents' opposition to October 11, 2024. Dkt. 12. To date, Respondents have not responded to the Petition, contacted the Court in any way, or otherwise sought relief from the Award.

4

## DISCUSSION

### I. Standard of Review

Pursuant to the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in the statute." *Concierge Auctions, LLC v. A-M 2018 Homes, LLC*, No. 24-cv-01681 (VEC), 2024 WL 4635252, at *3 (S.D.N.Y. Oct. 30, 2024) (quoting 9 U.S.C. § 9). The Court's review of an arbitration award is "narrowly circumscribed and highly deferential – indeed, among the most deferential in the law." *NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority." *NFL Mgmt. Council*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a motion for summary judgment

5

based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II. Confirmation of the Arbitration Award

Petitioner timely filed the Petition to confirm the February 21, 2024 Award as it was filed within one year of the Award. *See* Award; Pet.; *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 160 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondents chose not to appear or dispute the Petition, despite having been provided sufficient notice and time to respond. After review of the Petition, the sworn attorney declaration of Maguire, and the supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioner. Petitioner attests, and Respondents have not disputed, that Respondents were bound by the Settlement Agreement to provide payments to Petitioner, and that the Agreement provided for arbitration of disputes regarding the foregoing. Pet. ¶¶ 6-9. Respondents defaulted on their payments due under the Settlement Agreement. *Id.* ¶¶ 7-8. At arbitration, Respondents were ordered to provide the outstanding payments due to Petitioner by set dates. Dkt 1-2 at 2-3. Respondents, however, defaulted yet again. Pet. ¶ 13; Young Decl. ¶¶ 6-7.

The Arbitration Award and Order provided that, in the event of a default, Petitioner would be entitled to file an action in a Court of competent jurisdiction to recover 125% of the balance of any unpaid amount, plus 9% interest to be calculated from the date of the Arbitration Award and Order. Award at 3. Respondents did not file any opposition here, despite service of the Petition and supporting papers, and ample time to respond. *See generally* Dkt. 12. Moreover, the parties' underlying Settlement Agreement provided that, in the event of a material

breach of the Settlement Agreement, as here, Petitioner would be entitled to recover from Respondents 125% of the balance of the unpaid settlement amount as damages, plus attorney's fees and costs for any arbitration proceedings. Dkt. 1-1 at 3. Based on the record presented, there is more than a "colorable justification" for the Awards' provision for the recovery of 125% of the balance of any unpaid amount due Petitioner in the event of further default by Respondents. *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797).

The Arbitration Award and Order's imposition of 9% interest to be calculated from the date of the Arbitration Award and Order is likewise appropriate. "Post-award pre-judgment interest . . . is mandatory under New York law." *Sayigh v. Pier 59 Studios, L.P.*, No. 11-cv-01453 (RA), 2015 WL 997692, at *13 (S.D.N.Y. Mar. 5, 2015). Pursuant to New York Civil Practice Law and Rules ("CPLR") Section 5002, "[i]nterest shall be recovered upon the sum awarded, including interest to verdict, report, or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment." N.Y. C.P.L.R. § 5002 (McKinney 2024). "The arbitration award here is a 'verdict, report or decision,' as contemplated by" C.P.L.R. § 5002. *Loans on Fine Art LLC v. Peck*, No. 23-cv-04143 (JHR), 2024 WL 4601955, at *6 (S.D.N.Y. Oct. 29, 2024) (citation and ellipsis omitted). "Interest under CPLR [Section] 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand for it in the complaint." *Id*. (citation omitted). As to the applicable rate, "New York law sets the rate of prejudgment interest at nine percent" – consistent with the Arbitration Award and Order. *UiPath, Inc. v. Shanghai Yunko Info. Tech. Co.*, No. 23-cv-07835 (LGS), 2024 WL 2853620, at *4 (S.D.N.Y June 4, 2024); *see* N.Y. C.P.L.R. § 5004(1) (McKinney 2024) ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute . . . .").

7

Finally, the Arbitration Award provided that, in any action commenced by Petitioner to recover the amount subject to default, Petitioner should be entitled to attorneys' fees and costs as the prevailing party in the action. Award at 3. Further, the parties' underlying Settlement Agreement provided that the prevailing party in arbitration would be entitled to reasonable attorney's fees and costs. Dkt. 1-1 at 9. As set forth above, Respondents seek attorney's fees in the amount of $8,360.00 and costs in the amount of $551.35, as provided for in the Arbitration Award and Order. Pet. at 3-4; Maguire Decl. ¶¶ 10-11. "As applied to the enforcement of arbitration awards, the guiding principle has been that when a challenger refuses to abide by an arbitrator's decision without justification, a court may award attorneys' fees and costs." *Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F. 4th 572, 614-15 (2d Cir. 2024) (punctuation and internal quotation marks omitted); *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-cv-05106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorneys' fees and costs to petitioner in unopposed petition to confirm an arbitration award where respondent "offered no justification for refusing to comply with the decision of the arbitrator"). Here, Respondents have not complied with the Arbitration Award and Order and have offered no explanation or justification for their failure to do so.

"To calculate reasonable attorneys' fees, 'district courts use the lodestar method – hours reasonably expended multiplied by a reasonable hourly rate.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 466 (S.D.N.Y. 2022) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably

comparable skill, expertise and reputation.'" *Id*. (quoting *McDonald*, 450 F.3d at 96). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd*., 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)).

The Court deems Petitioner's request for $8,360.00 in attorney's fees and $551.35 in costs reasonable. Petitioner submitted billing records documenting the specific tasks performed, the total number of hours worked, and counsel's hourly rate ($400). Dkt. 10-2. Courts in this district generally approve comparable billing rates of $300-$400 per hour for experienced partners. *See Mobley v. Five Gems Mgmt. Corp*., No. 17-cv-09448 (KPF), 2018 WL 1684343, at *5, n.7 (S.D.N.Y. Apr. 6, 2018); *Watkins v. Smith*, No. 12-cv-04653 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases."). The Court also concludes that 20.9 hours is a reasonable amount of time expended given the scope and description of the tasks performed. *See Flores v. J&B Club House Tavern, Inc*., No. 10-cv-04332 (GAY), 2012 WL 4891888, at *5 (S.D.N.Y. Oct. 16, 2012) (noting that, in determining whether listed hours are reasonable, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures"). As for counsel's request for costs incurred because of filing fees, fees associated with locating Respondents, and service of process fees, "[r]ecovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc*., No. 16-cv-01115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (granting $651.21 in costs).

The Court therefore finds well more than a "barely colorable" justification for each component of the Award. *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund v. Euro-Build Constr. Corp.*, No. 19-cv-10763 (ALC), 2022 WL 1125583, at *1 (S.D.N.Y. Apr. 15, 2022) (citation omitted). For this reason, the Court GRANTS Petitioner's Petition to confirm the Award.

## CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner's unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioner and against Respondents as follows:

a) The Arbitration Award and Order dated February 21, 2024, is confirmed;

b) Respondents are ordered to pay Petitioner $99,435.00, representing 125% of $79,548.00, as well as interest of 9% from February 1, 2024, until the date of the Order;

c) Petitioner is awarded reasonable attorneys' fees and costs for bringing this action, in the amount of $8,360.00 in attorney's fees and $551.35 in costs.

The Clerk of Court is respectfully requested to close this case.

Dated: November 8, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge